UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kevin Porter

      v.                              Case No. 21-cv-772-LM

Hillsborough County Department of
Corrections Superintendent Willie Scurry

## REPORT AND RECOMMENDATION

Kevin Porter, a New Hampshire pre-trial detainee housed at the Hillsborough County Department of Corrections ("HCDOC"), has petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Doc. No. 1. The Petition challenges the conditions of confinement at the HCDOC, which Porter asserts "continue[] to threaten his current and future health and safety as a result of the HCDOC's reckless and deliberate indifference to COVID-19." Id. at ¶ 1. Respondent has moved to dismiss the petition. Doc. No. 7. Porter did not respond to the motion. Respondent's motion has been referred to the magistrate judge for a report and recommendation. For the reasons that follow, the district judge should grant the motion.

## Motion to Dismiss Standard

Respondent moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The court therefore accepts the factual allegations in the complaint as true, construes reasonable inferences in petitioner's favor, and determines whether the factual

allegations in the complaint state a claim upon which relief may be granted. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014). Under Rule 12(b)(6) the court may consider "facts and documents that are part of or incorporated into the complaint," as well as "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice." Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (citations omitted). As petitioner is proceeding pro se, his pleadings are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**Background**

I.   Procedural Background[1]

Porter was arrested on June 14, 2020 following an incident that occurred at a sober living facility where he had been staying. The next day, the superior court ordered Porter preventively detained. The court will refer to the case arising out of the June 2020 incident as "Porter I".

Porter twice moved for the court in Porter I to reconsider its detention order and the court denied both motions. On March 9, 2021, Porter appealed the superior court's order of detention

---

[1] Unless otherwise noted, the facts in this section are taken from State v. Porter, No. 2021-0088, 2021 WL 3930281 (N.H. Sept. 2, 2021).

to the New Hampshire Supreme Court ("NHSC").  The NHSC affirmed the order.[2]

On February 24, 2021, Porter filed a petition for a writ of habeas corpus with the superior court.  See Doc. No. 7-6 at 1. In his petition, Porter complained of, among other things, the HCDOC's failure to protect him from COVID-19 and his conditions of confinement.  Id. at 3.  The superior court denied Porter's petition.  Id at 3-12.  Porter did not appeal that denial to the NHSC.

In June of 2021, while being housed in the HCDOC pursuant to the superior court's order in Porter I, Porter was indicted for assaulting another inmate.  See Ex. A-3 (Doc. No. 7-5) at 1. The superior court ordered that Porter be preventively detained given his "extensive record of assaultive behavior and the seriousness of this assault."  Id. at 5.  Porter has challenged that order of preventive detention in the superior court.  See id. at 3.  As of the time of the Respondent's motion to dismiss, Porter's challenge remains pending.  This court will refer to that state prosecution as Porter II.

_____

[2] On March 9, 2021, the same date Porter appealed the superior court's order of detention, he also filed a Rule 11 petition for a writ of habeas corpus with the NHSC.  See Ex. A-5 (Doc. No. 7-7) at 2.  The NHSC denied the petition on April 15, 2021.  See id.

II.  Allegations Underlying the Instant Petition

Porter tested positive for COVID-19 in December of 2020. Complications from the infection required the prescription of medications for his heart.

Porter believes he is now again infected with COVID-19 based on his symptoms.  He alleges that his infection is the result of his conditions of confinement and, specifically, the HCDOC's deliberate indifference to protecting him from COVID-19.

**Discussion**

The Respondent moves to dismiss Porter's petition, arguing that Porter has failed to exhaust his state court remedies and that dismissal is required under the Younger abstention doctrine.[3]  Porter does not object.

I.  Exhaustion of State Remedies

Inmates in state custody, including inmates in pretrial detention, must exhaust their state remedies before seeking federal habeas relief.  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973); Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).  To satisfy that requirement, a petitioner must give "the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004)

---

[3] Younger v. Harris, 401 U.S. 37 (1971).

(internal citations and quotation marks omitted).  "To provide
the State with the necessary opportunity, the prisoner must
fairly present his claim in each appropriate state court
(including a state supreme court with powers of discretionary
review), thereby alerting that court to the federal nature of
the claim." Id. (internal quotation marks and citations
omitted); see also Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir.
1988) (internal quotation marks and citation omitted).

    In "extraordinary circumstances," there may be exceptions
to the exhaustion requirement. Fuller v. Rich, 11 F.3d 61, 62
(5th Cir. 1994) (internal quotation marks and citation omitted).
These circumstances include where "remedies either are
unavailable or wholly inappropriate to the relief sought, or
where the attempt to exhaust such remedies would itself be a
patently futile course of action." Id. (citation omitted).

    The burden is on the habeas petitioner "to show that he
fairly and recognizably presented to the state courts the
factual and legal bases of [his] federal claim." Adelson, 131
F.3d at 262.  To the extent the petitioner contends than an
exception to the exhaustion requirement is appropriate, he
likewise bears the burden to show that such extraordinary
circumstances apply. Fuller, 11 F.3d at 62.

    Porter filed a petition for habeas relief in the superior
court in Porter I asserting claims arising out of the HCDOC's

5

failure to protect him from COVID-19 and his conditions of confinement, the same claims he raises in this case.  The superior court denied Porter's petition and Porter did not appeal that denial to the NHSC.  Porter's failure to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," means that he did not exhaust his administrative remedies prior to filing this petition. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Mele v. Fitchburg Dist. Court, 850 F.2d 817, 820 (1st Cir. 1988) (holding that to exhaust a claim, "it is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present—or do his best to present—the issue to the state's highest tribunal").

Nor did Porter exhaust his remedies with his March 9, 2021 filing with the NHSC, which the NHSC construed as a Rule 11 state habeas petition and denied on April 15, 2021.  It is unclear whether the claims raised in that petition relate to those raised in this case.[4]  Even if they do, the NHSC summarily denied the petition and Porter does not attempt to show that his

_____

[4] As noted above, on the same day Porter filed his Rule 11 petition, he appealed the superior court's orders denying his request for bail.  The NHSC affirmed the superior court's orders in a well-reasoned opinion, and Porter's claims did not overlap with the ones raised in the instant petition.

Rule 11 filing exhausted his state remedies on his current claims.[5] See Morehouse v. Cunningham, No. 98-304-M, 1999 WL 813917, at *3 (D.N.H. Apr. 9, 1999) (petitioner's Rule 11 petition for original review in the NHSC "did not fairly present [petitioner's] claims to the state courts for exhaustion purposes"); see also Holloway v. New Hampshire, No. 21-CV-456-JD, 2021 WL 5868223, at *4, 2021 U.S. Dist. LEXIS 198029, at *10 (D.N.H. Aug. 3, 2021) ("Absent a showing that the NHSC in fact ruled on the merits of those claims or that [petitioner] is now otherwise barred under state law from litigating the same claims in a direct appeal or in other state collateral proceedings, the record here does not demonstrate that his prior Rule 11 filings exhausted his state remedies on those claims."), R&R adopted, 2021 U.S. Dist. LEXIS 197030, 2021 WL 4772120 (D.N.H. Oct. 12, 2021).

Finally, Porter has not demonstrated, or attempted to demonstrate, that any exception to the exhaustion requirement is applicable here.  Accordingly, the district judge should dismiss

---

[5] Further, as Respondent notes, Porter is presently subject to a preventive detention order in Porter II, and he is actively challenging that order in the superior court.  To the extent he raises similar claims in his motions in Porter II as he does in the instant petition, that, too would show a failure to exhaust his administrative remedies.  See Graham v. Maine, No. 2:20-CV-00315-JDL, 2020 U.S. Dist. LEXIS 184185, at *4, 2020 WL 6811492, at *2 (D. Me. Oct. 5, 2020), R&R adopted, 2020 U.S. Dist. LEXIS 243246, 2020 WL 7753684 (D. Me. Dec. 29, 2020).

Porter's § 2241 petition for failure to demonstrate that he has
exhausted his state remedies on his claims.

II.  Younger Abstention

     In addition to Porter's failure to exhaust his
administrative remedies, Younger abstention requires dismissal
of Porter's petition.

     "The Younger doctrine reflects a 'longstanding public
policy against federal court interference with state court
proceedings,' and is based on two conceptual foundations."
Mass. Delivery Ass'n v. Coakley, 671 F.3d 33, 40 (1st Cir. 2012)
(quoting Younger, 401 U.S. at 43).  "[I]t is based on a notion
that 'courts of equity should not act, and particularly should
not act to restrain a criminal prosecution, when the moving
party has an adequate remedy at law and will not suffer
irreparable injury if denied relief.'"  Id.  "[M]ore
importantly, Younger rests upon basic notions of federalism and
comity, and also on a related desire to prevent unnecessary
duplication of legal proceedings."  Id.  To determine whether
Younger applies, the court must ascertain whether the requested
relief would interfere with an ongoing state judicial proceeding
that implicates an important state interest and provides an
opportunity for the federal plaintiff to advance his
constitutional challenge. Id.; see also Middlesex Cnty. Ethics
Comm. v. Garden State Bar Assoc., 457 U.S. 423, 432 (1983).

Here, the Younger doctrine requires abstention.  Porter is currently involved in a criminal judicial proceeding in Porter II, which implicates important state interests associated with the State's administration of its laws, and which offers him the opportunity to advance his constitutional challenge and "advocate for pretrial release on the same grounds he would cite in this Court."  Graham, 2020 U.S. Dist. LEXIS 184185, at *3, 2020 WL 6811492, at *1 (pre-trial detainee's § 2241 petition seeking release from pretrial confinement properly dismissed based on Younger abstention); see also Enwonwu v. Mass. Super. Court, No. 1:12-cv-10703-DJC, 2012 WL 1802056, at *3 n.7, 2012 U.S. Dist. LEXIS 68192, at *9-10 n.7 (D. Mass. May 16, 2012) (D. Mass. May 16, 2012) ("Courts have consistently applied the Younger doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances.").  Accordingly, abstention is appropriate in this case.[6]

---

[6] Porter makes no attempt to show that any exception to the Younger abstention doctrine applies.  Cf. Enwonwu, 2012 WL 1802056, at *3, 2012 U.S. Dist. LEXIS 68192, at *11.  His allegations regarding COVID-19, standing alone, do not warrant this court's finding that his case falls within any exception to Younger abstention.  Fletcher v. Houston, No. 2:20-cv-09451-JGB-JC, 2021 U.S. Dist. LEXIS 146234, at *12, 2021 WL 3377239, at *5 (C.D. Cal. June 16, 2021) (fifty year-old inmate with asthma who had contracted COVID-19 twice, who alleged he was at risk of third COVID-19 infection while in detention, failed to show that

**Certificate of Appealability ("COA")**[7]

When the district court denies a habeas petition filed by a state inmate on procedural grounds without reaching the underlying constitutional claims, a COA should issue when the inmate shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); see also 28 U.S.C. § 2253(c)(2).  Here, Porter has not made any substantial showing of the denial of a constitutional right, and reasonable jurists would not debate that the unsatisfied exhaustion requirement and Younger abstention bar further review of Porter's claims.  A COA is properly denied in this case.

---

any exception to Younger abstention applied in his case), R&R adopted, 2021 WL 3371535, 2021 U.S. Dist. LEXIS 145246 (C.D. Cal. July 30, 2021).

[7] See Winburn v. Nagy, 956 F.3d 909, 912 (6th Cir. 2020) ("The circuit courts speak as one in their holdings that the language of [28 U.S.C.] § 2253(c)(1)(A) requires certificates of appealability for all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254."). But cf. Gonzalez v. Justices of Mun. Ct., 382 F.3d 1, 12 (1st Cir. 2004) ("Where, as here, a habeas petition is governed by section 2241, a certificate of appealability is not essential."), vacated on other grounds, 544 U.S. 918 (2005), reinstated, 420 F.3d 5 (1st Cir. 2005).

## Conclusion

For the foregoing reasons, the district judge should grant the motion to dismiss (Doc. No. 7) and dismiss the § 2241 petition (Doc. No. 1) in its entirety; the district judge should decline to issue a certificate of appealability; judgment should be entered; and the case should be closed.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal.  See id.  Failure to file any objections within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

January 25, 2022

cc:  Kevin Porter, pro se